JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CECELIA CARTER, <br><br> Plaintiff, <br><br> v. <br><br> FANNIE MAE, <br><br> Defendant. | Case No.: SACV 14-01754-CJC(JCGx) <br><br> **ORDER GRANTING IN SUBSTANTIAL PART PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Cecelia Carter brought this wrongful termination action against Defendant Fannie Mae in Orange County Superior Court on May 3, 2013. (Dkt. No. 1 ["Notice of Removal"] Exh. A ["Compl."].) In her initial complaint, Ms. Carter alleges that her employment was terminated in retaliation for reporting wrongful conduct by Fannie Mae

employees. (*See* Compl.) In her "Request for Relief," Ms. Carter requested declaratory and injunctive relief, as well as compensatory and consequential damages in excess of $25,000, punitive damages in excess of $25,000, and attorneys' fees and costs. (Compl., Request for Relief.)

On November 3, 2014, Fannie Mae removed this action based on diversity jurisdiction. (Notice of Removal.) In the removal notice, Fannie Mae notes that the removal is timely because it first became aware that the amount in controversy exceeded $75,000 on October 10, 2014 when Ms. Carter served a Case Management Conference ("CMC") statement explicitly referencing her $120,000 salary. (Notice of Removal at 3–4; Exh. K.) Before the Court is Ms. Carter's motion to remand and request for attorneys' fees. (Dkt. No. 10 ["Pl.'s Mot."].) For the following reasons, Ms. Carter's motion is GRANTED IN SUBSTANTIAL PART.[1]

## II. LEGAL STANDARD

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 5, 2015 at 1:30 p.m. is hereby vacated and off calendar.

-2-

removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

## III. ANALYSIS

Here, the Court finds—and the parties appear to agree—that there is diversity jurisdiction. The amount in controversy exceeds $75,000 and there is complete diversity between Ms. Carter, a California citizen, and Fannie Mae, a citizen of the District of Columbia. (Notice of Removal at 5); *see* 28 U.S.C. § 1332. However, Ms. Carter argues that Fannie Mae's removal was procedurally defective because it was untimely. (Pl.'s Mot. at 10–16.) In the opposition, Fannie Mae argues that the grounds for removal were not evident from the initial complaint because it did not state a specific sum of lost damages, punitive damages, and attorneys' fees. (Dkt. No. 23 ["Def.'s Opp'n"] at 6–9.)

Untimely removal is a procedural defect that may defeat removal if properly raised by the party seeking remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014). The time period to file a notice of removal is governed by 28 U.S.C. § 1446(b). Under § 1446(b), a defendant must remove an action within thirty days if the case stated by the initial pleading is "removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). If the basis for removal is not apparent from the face of the complaint, a 30-day removal period is triggered upon receipt of a paper from which "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A pleading need not identify a specific amount in controversy to trigger the 30-day removal period. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014). Rather, "the time for removal commences when the defendant is able to intelligently ascertain that plaintiff's claim exceeds $75,000." *Rodriguez*, 2014 WL 3818108, at *4; *see also Mendoza v. Am. Airlines, Inc.*,

No. CV 10-7617 RSWL (JCx), 2010 WL 5376375, at *2 (C.D. Cal. Dec. 22, 2010) (same).

Fannie Mae argues that it only became aware that Ms. Carter's $120,000 annual salary constituted part of her damages upon receipt of the October 2014 CMC statement. However, the Court finds that the 30-day removal period was triggered on May 3, 2013 when Ms. Carter filed the initial complaint in state court. The Complaint states that Ms. Carter began work in September 2008 as a Sales Representative until her title was changed to REO Foreclosure Specialist IV in January 2009. (Compl. ¶ 7.) Ms. Carter further pled that she was terminated on May 4, 2011. (Compl. ¶ 81.) The Complaint sought, *inter alia*, "compensatory and consequential damages to redress injuries suffered as a result of her termination . . . including back pay for lost wages and benefits, front pay for denial of plaintiff's expected future earnings, pain and suffering, emotional distress, public humiliation, and damage to her professional reputation . . . in excess of $25,000." (Request for Relief.) The Complaint additionally sought punitive damages in excess of $25,000, and attorneys' fees and costs. These are sufficient facts through which Fannie Mae, Ms. Carter's employer of over two years, could intelligently ascertain that her claims exceeded $75,000. *See Rodriguez*, 2014 WL 3818108, at *5 (finding that defendant employer "should have known the approximate amount Plaintiff made each year"); *Jellinek v. Advance Prods. v. Sys., Inc.*, No. 10CV1226 JM (WMC), 2010 WL 3385998, at *2 (S.D. Cal. Aug. 24, 2010) (finding that where Plaintiff sought damages from lost income, benefits, and emotional and mental distress, punitive damages, and attorneys' fees, jurisdictional minimum was facially apparent); *Mendoza*, 2010 WL 5376375, at *3 (same). Thus, Fannie Mae's removal one and half years after the initial complaint was filed was untimely.[2]

---

[2] Fannie Mae raises for the first time in its opposition that this Court has federal question jurisdiction, citing a recent Ninth Circuit decision. (Def.'s Opp'n at 23.) Because this purported ground for subject matter jurisdiction was not properly raised in the notice of removal, the Court declines to consider it. *See* 28 U.S.C. § 1446.

Ms. Carter additionally seeks an award of attorneys' fees and costs incurred in connection with the present motion, pursuant to 28 U.S.C. § 1447(c). (Pl.'s Mot. at 17–18.) The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier*, 518 F.3d at 1065. Although ultimately unsuccessful, Fannie Mae had an objectively reasonable basis for removal and raised sufficiently complex arguments regarding a defendant's duty to ascertain the amount in controversy. The Court declines to award attorneys' fees and costs.

## IV. CONCLUSION

Accordingly, the motion to remand is GRANTED IN SUBSTANTIAL PART.[3] Each party shall pay its own fees and costs.

DATED:   December 23, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[3] Ms. Carter's motion to strike, (Dkt. No. 14), is **DENIED AS MOOT.**